PROBER & RAPHAEL
A LAW CORPORATION
DEAN PROBER, ESQ., #106207
LEE S. RAPHAEL, ESQ., #180030
CASSANDRA J. RICHEY, ESQ. #155721
DAVID F. MAKKABI, ESQUIRE #249825
P.O. Box 4365
Woodland Hills, California 91365-4365
(818) 227-0100
(818) 227-0101 facsimile
F.040-1392
Attorneys for Secured Creditor U.S. Bank, N.A.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Bk. No. 09-94277-E-7 |
| ROBERT LYNN WALSH AND DONNA SUE WALSH | Motion No. PPR-1 |
| Debtors | CHAPTER 7 |
| | Hearing- |
| GARY FARRAR, | Date : April 21, 2010 |
| | Time : 10:00 a.m. |
| Trustee, | Place : U.S. Bankruptcy Court |
| | 1200 I Street |
| | Modesto, CA |
| _____ / | Dept. E Suite 4 |
| | Judge: Ronald H. Sargis |

U.S. BANK, N.A.'S
MOTION FOR RELIEF FROM AUTOMATIC STAY

U.S. Bank, N.A., a holder in due course, its assignees and/or successors, move the Court for relief from the Automatic Stay provided by 11 U.S.C. §362. This motion seeks an Order terminating the Automatic Stay of 11 U.S.C. §362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party (and its Trustee) may commence and continue all acts necessary to foreclose under the Deed of Trust secured by Debtors' property.

1

Movant seeks relief pursuant to 11 U.S.C. §362(d)(1) for "cause" due to the failure of Debtors to make required payments and pursuant to 11 U.S.C. §362(d)(2) and alleges that, in accordance with the information set forth in the attached Declaration, there is no equity present in the subject real property to justify the continuance of the Automatic Stay. See <u>Stewart v. Gurley</u> 745 F 2d 1194 (9th Cir. 1984).

This Motion is being heard on 28-day notice, pursuant to LBR 9014-1 (f)(1). Opposition to this motion, if any, shall be in writing and shall be served and filed with the Court at least fourteen (14) calendar days preceding the date of hearing.

In addition, and in the event that this Court continues the Automatic Stay, Movant will seek adequate protection of its secured interest pursuant to 11 U.S.C. §§ 361 and 362, including a requirement that Debtors reinstate all past arrearages and immediately commence regular monthly payments.

Movant also seeks an Order terminating and vacating the Automatic Stay for all purposes as it pertains to Movant's interest in the subject real Property, including the prosecution of appropriate foreclosure remedies, without the requirement of further notice or publication, except as may be required by state law.

Movant also seeks an Order waiving the 14-day stay as provided by Bankruptcy Rule 4001(a)(3).

In addition, Movant requests such further relief as is just.

This Motion is based on these moving papers, as well as the attached Declaration and the Relief from Stay Information Sheet, filed separately and concurrently with this Motion.

In the event neither the Debtor, Debtor's counsel or Trustee files a timely opposition to this motion, the Court may grant relief from the Automatic Stay permitting

moving party to foreclose on the Debtor's property located at **2100 Sunny Oak Court, Modesto, California** and obtain possession of such property without conducting a hearing.

WHEREFORE, Movant prays judgment as follows:

1.) For an Order granting relief from the Automatic Stay, permitting this Movant to move ahead with foreclosure proceedings under Movant's Deed of Trust.

2.) For such Order regarding adequate protection of Movant's interest as this Court deems proper.

3.) For an Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3).

4.) For such other relief as this Court deems appropriate.

DATED: March 5, 2010

                              PROBER & RAPHAEL
                              A LAW CORPORATION

                              /s/ CASSANDRA J. RICHEY, ESQ. #155721
                              Attorney for Secured Creditor